JL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Isabel Beatriz Carrizo Morales,<br>Petitioner,<br>v.<br>Unknown Party, *et al.*,<br>Respondents. | No. CV-26-07457-PHX-JJT<br><br>**ORDER** |

David Enrique Carrizo Gonzalez ("Gonzalez"), as "next friend" of Isabel Beatriz Carrizo Morales ("Petitioner"), filed a "Petition for Writ of Habeas Corpus" under 28 U.S.C. § 2241 (Doc. 1) and paid the filing fee. Petitioner is detained at the Eloy Detention Center. Gonzalez seeks to challenge the lawfulness of Petitioner's continued immigration detention.

Gonzalez states that he is Petitioner's father. (Doc. 1 at 2.) He alleges that Petitioner is "physically incarcerated, isolated under immigration custody, and experiencing severe psychological distress that severely impairs her ability to pursue independent legal remedies from inside the facility." (*Id.*)

While a non-attorney may represent himself, he has no authority to appear as an attorney for another. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating "[a]lthough a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him," and "[h]e has no authority to appear as attorney for others

than himself" (citations omitted)). There is no indication that Gonzalez is an attorney or admitted to practice in this District.

In rare circumstances, a third party may, through counsel, seek habeas corpus relief on behalf of someone else as a "next friend." *C.E. Pope Equity Tr.*, 818 F.2d at 697. That is, "next friend" standing "has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). "Most frequently, 'next friends' appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Id.* Indeed, 28 U.S.C § 2242 provides: "Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." A "next friend" does not become a party to the habeas corpus action, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore*, 495 U.S. at 163.

"'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* To qualify for "next friend" standing, a "next friend" must "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action," must be "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and "must have some significant relationship with the real party in interest." *Id.* at 163-64. "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164.

Gonzalez does not provide an adequate explanation why Petitioner cannot appear on her own behalf to prosecute this habeas corpus action. Petitioner's detention does not prevent her from prosecuting a habeas corpus action on her own behalf. Many habeas corpus petitioners appearing in this Court confront similar issues, but that is not sufficient

for next friend standing.[1] Because Gonzalez has failed to meet his burden to establish next friend standing, the Court will deny his "next friend" status and will dismiss this Petition and case without prejudice to *Petitioner* commencing a **new** habeas corpus case by filing a new petition and either paying the $5.00 filing fee or filing an Application to Proceed In Forma Pauperis under 28 U.S.C. § 2241.

As a courtesy to Petitioner, the Court will direct the Clerk of Court to send Gonzalez and Petitioner the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis.

**IT IS ORDERED**:

(1) The Petition (Doc. 1) is **denied** and this action is dismissed without prejudice. The Clerk of Court must close this case and enter judgment accordingly.

(2) The Clerk of Court must send a copy of this Order and the court-approved forms for filing a "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Immigration Custody" and an Application to Proceed In Forma Pauperis (Immigration Habeas) to Petitioner at:

Isabel Beatriz Carrizo Morales
A244-200-553
Eloy Detention Center
1705 E Hanna Rd.
Eloy, AZ 85131

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] For example, Gonzalez may be able to locate counsel to appear on Petitioner's behalf pro bono or at a reduced fee, or he, or another person, could complete a new habeas petition to be signed *by Petitioner*.

(3) As a one-time courtesy, the Clerk of Court must also send a copy of this Order to:

David Enrique Carrizo Gonzalez
1834 W Oviedo Ct.
Tucson, AZ 85746

Dated this 15th day of October, 2026.

Honorable John J. Tuchi
United States District Judge

________________________________________
Name and Prisoner/Booking Number

________________________________________
Place of Confinement

________________________________________
Mailing Address

________________________________________
City, State, Zip Code

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

____________________________________,

Petitioner,

v.

____________________________________,

Respondent(s).

**CASE NO.** ____________________________

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

**(IMMIGRATION HABEAS)**

I, __________________________________, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined? ☐Yes ☐No
   If "Yes," state the amount of your pay and where you work. ____________________________
   ________________________________________________________
   ________________________________________________________

2. Do you receive any other payments from the institution where you are confined? ☐Yes ☐No
   If "Yes," state the source and amount of the payments. ____________________________
   ________________________________________________________
   ________________________________________________________

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
If "Yes," state the sources and amounts of the income, savings, or assets. ______________________________
________________________________________________________________________
________________________________________________________________________

I declare under penalty of perjury that the above information is true and correct.

______________________________ ______________________________
DATE SIGNATURE OF APPLICANT

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 – IMMIGRATION CASES

## INSTRUCTIONS – READ CAREFULLY

**This sheet contains some of the District of Arizona's rules and procedures that must be followed to file a petition under 28 United States Code (U.S.C.) § 2241 challenging whether your immigration detention is legal. This information sheet is meant to be used for informational purposes only and is not legal advice.**

1. **Who should use this form.** This petition is intended for individuals in custody or otherwise subject to official restraint because they are in immigration proceedings or subject to removal. Do not use this form if you have been charged with or convicted of a criminal offense and seek to challenge your conviction, sentence, or some other aspect of your criminal proceedings.

2. **Preparing the petition.** The petition must be typed or neatly written, and you must sign and date it under penalty of perjury. A false statement of a material fact may lead to prosecution for perjury.

3. **Answer all the questions as best you can.** If you do not fill out the form completely, you may be asked to give more information. You may file this form along with more pages if necessary. All hard copy filings must be filed using paper sized 8½ by 11 inches. Do not use the back of any page.

4. **Submit supporting documentation if you have it.** You may, but are not required to, attach documents relevant to your claims, such as a Notice to Appear, prior release order (such as an Order of Supervision or Order of Release on Own Recognizance), order of removal, or other Immigrations and Customs Enforcement (ICE) or immigration court documents. Submitting supporting documentation helps the court to review your petition.

5. **Name of the warden.** If you are in detention, you should name as a respondent the warden of the facility where you are located.

6. **Required filing fee.** You must include the $5.00 filing fee required by 28 U.S.C. § 1914(a). Under this Court's rules, you may be excused from paying the filing fee if you have $25.00 or less in your trust account at the detention facility. Use the attached Application to Proceed In Forma Pauperis by a Prisoner (Immigration Habeas) to request a waiver of the filing fee.

7. **Consenting to entry of final judgment by a magistrate judge.** This Court typically assigns habeas cases to a district judge, who in turn refers the case to a magistrate judge for preparation of a report and recommendation (R&R). Once the R&R is filed, the parties may object to the magistrate judge's factual or legal conclusions, and a district judge will review the R&R and the parties' objections before entering final judgment in the case.

However, under 28 U.S.C. § 636(c), the parties may consent to having a magistrate judge preside over their case and enter final judgment in the matter. The Court encourages all parties to consider consenting to allow a magistrate judge to enter final judgment in the case. Consent to a magistrate judge promotes judicial efficiency, allows the case to proceed before a single judge, and avoids the delays associated with preparing and reviewing a report and recommendation.

If you agree to consent to a magistrate judge hearing your case and entering final judgment, please indicate in the designated space on the form. If you consent, your case may be decided by either a district judge or a magistrate judge. You will not face any adverse consequences from agreeing or not agreeing to consent to a magistrate judge.

8. **Submitting documents to the court.** Mail your hard copy petition, your IFP application (if you are filing one), and any other supporting documentation or motions to:

Clerk, United States District Court for the District of Arizona
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, Suite 130
Phoenix, Arizona 85003-2119

If you want file-stamped copies of your petition, IFP application, and other motions for your records, you must enclose an additional copy of each filing, a self-addressed stamped envelope, and a cover letter that asks the Court to file-stamp and return copies to you.

9. **Serving the petition.** After you submit your petition to the Court, the Court will review your petition and, if it meets legal requirements, the Court will serve it on the respondent on your behalf.

10. **Answer or response to the petition; reply in support; deadlines.** If the Court serves the petition, it will issue a scheduling order that sets deadlines for the respondent to respond to the petition and for you to file a reply to the response.

11. **Change of address.** You are required to let the Court and other parties to the lawsuit know if your contact information changes. That includes if you are released from detention and have a new address as a result. This requirement ensures that all case filings can be sent to the correct mail address. For this reason, you must inform the Clerk's Office in writing of any changes to your contact information. Failure to keep a current address on file with the Clerk's Office may result in the dismissal of your case.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| *Write your full name: given name, family name*<br><br><br>Petitioner,<br><br>v.<br><br>*Write the name of the warden where you are detained:*<br><br><br>Respondent. | Case number:<br><br><br>*Leave blank; the Clerk of Court will supply the number.* |

**PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN IMMIGRATION CUSTODY**

**(28 U.S.C. § 2241)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| *Write your full name: given name, family name*<br><br>Petitioner,<br><br>v.<br><br>*Write the name of the warden where you are detained:*<br><br>Respondent. | Case number:<br><br>*Leave blank; the Clerk of Court will supply the number.* |

## CONSENT TO ENTRY OF FINAL JUDGMENT BY A MAGISTRATE JUDGE

**Consenting to entry of final judgment by a magistrate judge.** This Court typically assigns habeas cases to a district judge, who in turn refers the case to a magistrate judge for preparation of a report and recommendation (R&R). Once the R&R is filed, the parties may object to the magistrate judge's factual or legal conclusions, and a district judge will review the R&R and the parties' objections before entering final judgment in the case.

However, under 28 U.S.C. § 636(c), the parties may consent to having a magistrate judge preside over their case and enter final judgment in the matter. The Court encourages all parties to consider consenting to allow a magistrate judge to enter final judgment in the case. Consent to a magistrate judge promotes judicial efficiency, allows the case to proceed before a single judge, and avoids the delays associated with preparing and reviewing a report and recommendation.

If you agree to consent to a magistrate judge hearing your case and entering final judgment, please indicate in the designated space on this form. If you consent, your case may be decided by either a district judge or a magistrate judge. You will not face any adverse consequences from agreeing or not agreeing to consent to a magistrate judge.

I consent to entry of final judgment by a magistrate judge.

YES ☐ NO ☐

DATE

SIGNATURE OF PETITIONER

## PERSONAL INFORMATION

1. Your full name:

2. Name used in immigration court (if different from above):

3. A-number:

4. Place of detention:

5. What country or countries are you a citizen of?

6. What country or countries does the Government allege you are a citizen of?

## CURRENT DETENTION AND IMMIGRATION PROCEEDINGS

### Current Detention

7. Date you were taken into present immigration custody:

8. Describe how and where you were taken into immigration custody:

### Removal Proceedings

9. Do you have an order of removal?

   YES ☐ NO ☐

   **If yes, please answer Questions 10-17. If no, please skip to Question 18.**

10. On what date was the order of removal entered?

11. To which country or countries were you ordered removed?

12. Is the Government trying to remove you to any country other than those listed in the order of removal ?

YES ☐ NO ☐

a. If yes, to what country or countries is the Government trying to remove you?

13. Who issued your order of removal?

a. Immigration Judge

b. Immigration Officer (this is also called expedited removal)

c. Reinstated by an Immigration Officer?

d. Other? If so, explain:

14. Has an immigration judge granted you relief from removal? (Relief from removal includes withholding of removal under 8 U.S.C. § 1231(b)(3), Immigration and Nationality Act (INA) § 241(b)(3), and protection under the Convention Against Torture.)

YES ☐ NO ☐

a. If yes, on what date?

b. If yes, what relief did you get?

c. If yes, did the Government appeal that grant of relief to the Board of Immigration Appeals (BIA)?

YES ☐ NO ☐

d. If yes, has the BIA ruled on the Government's appeal?

YES ☐ NO ☐

e. If yes, what is the date of the BIA's ruling?

15. If an immigration judge issued your order of removal, did you appeal to the BIA?

YES ☐ NO ☐

a. If yes, has the BIA ruled on your appeal?

YES ☐ NO ☐

b. If yes, what is the date of the BIA's ruling?

16. Did you or the Government file a petition for review?

YES ☐ NO ☐

a. If so, to which circuit court of appeals?

b. Did the court of appeals stay your removal?

YES ☐ NO ☐

c. Is the petition for review still pending?

YES ☐ NO ☐

d. If not, please state whether the court of appeals granted or denied the petition for review and list the date the decision was issued.

17. Do you have any other pending matter in which you are challenging the Government's removal charges or seeking relief from removal?

YES ☐ NO ☐

a. If yes, where is the matter pending?

**Bond Proceedings**

18. Have you had a bond hearing before an immigration judge?

YES ☐ NO ☐

a. If yes, on what date?

b. What did the immigration judge decide?

19. If the immigration judge denied bond/release, did you appeal to the BIA?

YES ☐ NO ☐

a. If yes, list the date on which you filed the appeal.

b. Has the BIA ruled on the appeal?

YES ☐ NO ☐

c. If yes, what was the outcome and what was the date of the decision?

**Previous Immigration Detention**

20. Before you were detained this time, have you ever been detained and released from immigration custody?

YES ☐ NO ☐

a. If yes, please describe all the periods you have been in immigration detention.

21. When you were released before, were you ever subject to any conditions of release?

YES ☐ NO ☐

22. Were you released on:

a. an order of supervision (OSUP)?

YES ☐ NO ☐

b. an order of release on recognizance?

YES ☐ NO ☐

c. parole?

YES ☐ NO ☐

d. for some other reason?

YES ☐ NO ☐

e. Was your prior release order—of whatever kind—revoked?

YES ☐ NO ☐

f. If yes, did you receive notice of the revocation?

YES ☐ NO ☐

## GROUNDS FOR RELIEF

State every ground (reason) that supports your claim that you are being held or restrained unlawfully. State the facts supporting each ground. You may attach additional pages if necessary to provide legal arguments and supporting authority. You may also attach any documents relevant to your claims.

23. **GROUND ONE:**

Supporting facts:

24. **GROUND TWO:**

Supporting facts:

25. **GROUND THREE:**

Supporting facts:

26. **GROUND FOUR:**

Supporting facts:

## REQUEST FOR RELIEF

27. State exactly what you want the court to do:

## DECLARATION UNDER PENALTY OF PERJURY

28. On what day did you place this petition in the detention facility's mail system?

29. I declare under penalty of perjury that the foregoing is true and correct.

______________________________
*Signature of Petitioner*

______________________________
*Signature of attorney, if any*

______________________________
*Date*